UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

William J. Carey

    v.                                          Civil No. 06-cv-293-SM

Charles Ward, et al.

**REPORT AND RECOMMENDATION**

    Pro se plaintiff William J. Carey has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants have abridged his rights under the Eighth and Fourteenth Amendments to the United States Constitution by denying him adequate medical and dental care (document no. 2). Named as defendants are the Hillsborough County Department of Corrections ("HCDOC") and three HCDOC employees: Dr. Charles Ward; LPN Denise Hartley; and an unnamed dentist.

    The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I conclude that Carey has alleged cognizable Eighth Amendment claims against

Hartley and Ward based on the denial of adequate medical care. I recommend dismissal of all remaining claims. I further recommend that Carey's motion for alternative service (document no. 6) be granted.

## Standard of Review

In reviewing a pro se complaint, this court must construe the pleading liberally and in favor of the pro se litigant. See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)). At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988). I apply this standard in reviewing Carey's complaint.

## Background

Crediting the factual allegations in the complaint in the

light most favorable to Carey, the material facts are as follows. Carey is currently incarcerated at the Northern Correctional Facility ("NCF"). This action arises from events that occurred during his pretrial detention at the HCDOC, where he allegedly was denied adequate medical and dental care.

As to his medical claims, Carey alleges that Ward and Hartley denied him adequate medical care for a hernia. When Carey arrived at the HCDOC in March 2003, his "hernia had just appeared, as a small bump well inside his umbilical cavity," at which time he reported his condition to the HCDOC medical staff. Since then, Carey claims, the hernia "has grown to many times the original size, so that it now protrudes beyond the umbilical cavity" and causes him physical and psychological discomfort. Although he has reported his on-going medical problems to Ward and Hartley and requested medical treatment, they allegedly failed to provide him with adequate care.

As to Carey's dental claims, he alleges that an unnamed prison dentist denied him adequate dental care for injuries he sustained when he was attacked by his cell-mate in 2003. During the attack, Carey sustained several broken teeth and injury to his jaw, including problems with the alignment and movement of

his jaw, all of which cause him pain.  He allegedly reported his dental problems to the HCDOC but was denied adequate care.  He now brings this action pursuant to Section 1983, alleging that defendants' acts and omissions rise to the level of constitutional deprivations.

## Discussion

I. Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal law.  See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981); Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997).  In order to be held liable for a violation under Section 1983, a defendant's conduct must have been a cause in fact of the alleged constitutional deprivation.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  The premise of Carey's Section 1983 claim is that the defendants, acting under color of state law, denied him adequate medical and dental care in violation of his rights under the Eighth and Fourteenth Amendments.[1]

---

[1] While the provisions of the Eighth Amendment do not extend to pretrial detainees, the Due Process Clause of the Fourteenth Amendment provides them with rights which are at least as great as the Eighth Amendment protections available to a convicted

To state an Eighth Amendment claim premised on inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." See Estelle, 429 U.S. at 97. In order to be found deliberately indifferent, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. See Farmer v. Brennan, 511 U.S. 825, 837 (1993). Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison personnel "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05.

"A 'serious medical need' is one 'that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" See Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 17-18 (1st Cir. 1995) (quoting Gaudreault v. Salem, 923 F.2d 203, 208 (1st Cir. 1990). The denial of dental care may give rise to a constitutional violation

---

prisoner. See Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002).

when the denial results in a substantial risk of serious harm to a prisoner. See Farrow v. West, 320 F.3d 1235, 1243–44 (11th Cir. 2003)(need for dental care combined with the effects of not receiving it may give rise to an Eighth Amendment claim); Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998)(finding serious dental need where plaintiff alleged extreme pain, deterioration of his teeth and an inability to eat properly); Boyd v. Knox, 47 F.3d 966, 969 (8th Cir. 1995)(delay in dental care coupled with knowledge of patient's pain can support Eighth Amendment claim).

    A.   Denial of Adequate Medical Care

As to Carey's claims based on the denial of adequate medical care, the complaint alleges sufficient facts to state an Eighth Amendment claim against Hartley and Ward. First, Carey described a serious medical condition by stating that he suffers from a hernia which, he claims, "has grown to many times the original size, so that it now protrudes beyond the umbilical cavity" and causes him physical and psychological discomfort.

Second, construed liberally, the complaint demonstrates deliberate indifference with respect to Hartley and Ward by alleging that once they had knowledge of Carey's serious medical needs, they nevertheless denied him proper medical care or failed

to ensure that he received proper care.  Construed liberally, the complaint alleges that Hartley and Ward had knowledge of Carey's hernia beginning in March 2003 and continuing through the present time.[2]  In support of his complaint, Carey has filed copies of HCDOC medical records.  While the signatures of the HCDOC medical staff are unclear, the records reveal that the medical staff treated Carey on March 4, 2003, March 11, 2003, November 20, 2003, August 3-4, 2003 and June 11, 2005 and noted on each visit that he suffered from a hernia.  To date, Carey claims, he has not received adequate care for his condition.

   If true, the allegations demonstrate that defendants' acts and omissions prevented Carey from receiving prompt and essential medical treatment for his serious medical needs.  Accordingly, I find that Carey has stated Eighth Amendment claims against

---

   [2]To the extent Carey alleges that defendants denied him adequate medical care prior to August 7, 2003, his claims are time-barred because of his failure to file within the statutory limitations period.  In adjudicating civil rights claims under 42 U.S.C. § 1983, federal courts borrow the statute of limitations applicable to personal injury actions under the law of the forum state.  See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985); Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 2 (1st Cir. 1995).  The applicable statute in this case is New Hampshire Revised Statutes Annotated 508:4, I (2003), which establishes a three-year limitations period for personal injury actions in New Hampshire.  The instant complaint was filed on August 7, 2006, therefore, any claims arising prior to August 7, 2003 are time-barred.

Hartley and Ward premised on the denial of adequate medical care occurring after August 7, 2003.

    B.    <u>Denial of Adequate Dental Care</u>

        1.    Claims Against Ward and Hartley

As to Carey's denial of adequate dental care claims, I conclude that the complaint fails to allege sufficient predicate facts to support an Eighth Amendment claim against Ward and Hartley. Carey alleges that he suffers from serious dental problems, including several broken teeth, injury to his jaw and problems with the alignment and movement of his jaw. However, he has not demonstrated deliberate indifference by Ward and Hartley with regard to any delay or denial of dental treatment. Although the HCDOC medical records reveal that Hartley was aware that Carey was receiving dental treatment at the HCDOC, there is no indication that she interfered with his dental treatment or denied him such care. Nor is there any indication in the records that Ward interfered with Carey's dental treatment or denied him such care. In light of the unsupported claims against Ward and Hartley, I conclude that Carey has failed to allege cognizable Eighth Amendment claims premised on the denial of adequate dental care and, therefore, recommend dismissal of the claims against

them.

        2.   Claim Against the Unnamed HCDOC Dentist

As to Carey's denial of adequate dental care claim against the unnamed HCDOC dentist, I recommend that the claim be dismissed as duplicative.

"A federal suit may be dismissed 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993)(quoting Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc., 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)); accord Adeogba v. Migliaccio, 266 F. Supp. 2d 142, (D.D.C. 2003). District courts are accorded "a great deal of latitude and discretion" in determining whether one action is duplicative of another, but generally an action is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." Id. (quoting Ridge Gold, 572 F. Supp. at 1213); accord James v. AT & T Corp., 334 F. Supp. 2d 410, 411 (S.D.N.Y. 2004).

Here, the denial of adequate dental care claim against the unnamed HCDOC dentist is duplicative of the claims raised in

Carey's parallel action pending before this court (Civil No. 05-cv-274-PB).  In that action, Carey sued the HCDOC and an unnamed HCDOC dentist for failing to provide adequate dental care for injuries he sustained to his teeth and jaw following an assault by his cell-mate in 2003.  His injuries included several broken teeth, injuries to his jaw and problems with the alignment and movement of his jaw.  By report and recommendation, I concluded, among other things, that Carey stated a cognizable Eighth Amendment claim against an unnamed HCDOC dentist for the denial of adequate dental care.  My Report and Recommendation was approved on December 27, 2005 (attached).  That action is currently are pending before this court.

In addition, the parties in both actions are similar.  In both actions, Carey alleges claims against an unnamed HCDOC dentist.  Because the claims, parties and available relief do not significantly differ between Carey's earlier action and this action, I conclude that the instant claim is duplicative.  Accordingly, I recommend that Carey's Eighth Amendment denial of adequate dental care claim against the unnamed HCDOC dentist be dismissed.

II.  Municipal Liability

Named as a defendant in this action is the HCDOC, a municipal entity.  Municipalities and local government entities are "persons" within the meaning of Section 1983.  See Monell, 436 U.S. at 690.  A municipal entity cannot be held liable under Section 1983 on a theory of *respondeat superior* or vicarious liability; rather the municipality itself must proximately cause the constitutional injury, through promulgation or tacit approval of a policy or custom.  See Canton v. Harris, 489 U.S. 378, 385 (1989).  To state a viable Section 1983 claim, a plaintiff must allege in substance that the challenged municipal custom or policy was the "moving force" behind the constitutional violations.  See Brown, 520 U.S. at 404; McCabe v. Life-Line Ambulance Service, Inc., 77 F.3d 540, 544 (1st Cir. 1996) (citations omitted).

In this action, if Carey intends to pursue claims against the HCDOC he must, at a minimum, allege that his constitutional deprivations were the product of a municipal custom or policy. Even liberally construing the complaint, I cannot reasonably conclude that the wrongful conduct ascribed to the defendants was the product of any unconstitutional municipal custom or policy.

Instead, the complaint plainly alleges that the wrongful conduct to which Carey was subjected resulted from the actions taken by individual defendants and not as the result of a policy statement, ordinance, regulation or officially adopted decision. See Monell, 436 U.S. at 690. Nothing in the complaint demonstrates how the county or the HCDOC was the "moving force" behind the actions or omissions by Ward and Hartley. Accordingly, I conclude that the complaint fails to state a viable claim premised on municipal liability and, therefore, recommend that the HCDOC be dismissed from this action.

Construed liberally, the complaint also names Ward and Hartley in their official capacities as officers of the HCDOC. Official capacity suits against officers of an agency are simply "another way of pleading an action against an entity of which an officer is an agent." Monell, 436 U.S. at 690 n.55. See also Brandon v. Holt, 469 U.S. 464, 471 (1984)(suits against parties in their official capacities treated as suits against the municipality). Because I find no municipal liability as to the HCDOC, I extend that reasoning to defendants Ward and Hartley and conclude that the official capacity claims against them fail.

## Conclusion

For the reasons stated above, I conclude that Carey has alleged cognizable Eighth Amendment claims against Hartley and Ward based on the denial of adequate medical care. I recommend dismissal of all remaining claims. By separate order issued simultaneously with this report and recommendation, I authorize the above viable claims to proceed. I further recommend that Carey's motion for alternative service (document no. 6) be granted.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint. If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

<u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date: November 2, 2006

cc:   William J. Carey, pro se

ATTACHMENT 1

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>William Carey</u>

       v.                             Civil No. 05-cv-274-PB

<u>Hillsborough Department of Corrections, et al</u>

<u>O R D E R</u>

I herewith approve the Report and Recommendation of Magistrate Judge Muirhead dated November 22, 2005, no objection having been filed.

SO ORDERED.

December 27, 2005                      <u>/s/ Paul Barbadoro</u>
                                            Paul Barbadoro
                                            United States District Judge

cc: William Carey, pro se